# THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| NATIONAL HOME INSURANCE, COMPANY, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) No. 07-0848-CV-W-FJG |
| ROBERT L. BERGER AND MARY BERGER, | ) ) ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is Petitioner's Motion to Compel Arbitration and Stay Action (Doc. No. 2). Petitioner National Home Insurance Company ("NHIC") requests that this Court (1) enter an order compelling defendants to arbitrate their state court claims against NHIC and (2) for a further order staying defendants' state action as it relates to defendants' arbitrable claims pending conclusion of arbitration. Defendants indicated no opposition in their response to petitioner's motion (Doc. No. 5). Defendants stated that they agreed to enter into arbitration of this matter and stay the state court action filed in the Circuit Court of Johnson County, Missouri.

Petitioner NHIC is a risk retention group and a Colorado corporation. Defendants Robert Berger and Mary Berger are residents of Missouri. They own and live in a home which was issued a written warranty against structural defects for a term of 10 years ("HBW Warranty"). Defendants filed suit against NHIC and Comer Development Company ("Comer") on February 28, 2005 in the Circuit Court of Johnson County, Missouri. Defendants alleged in state court that NHIC allegedly breached the HBW Warranty. HBW is the creator and administrator of a nationwide home warranty program. Builders accepted into the HBW program are allowed, following the Builder's payment of fees set by HBW,

to enroll homes approved by HBW in an insured warranty program. The HBW warranties run for a term of ten years. Throughout the ten-year warranty period, the home is warranted to be free from "structural defects" which first occur during the warranty term. The warranty obligates the builder to repair, replace, or pay the reasonable cost of repair for any covered structural defects.

On May 26, 2001, defendants purchased from Comer, an HBW builder, a home Comer constructed in Warrensburg, Missouri. With the sale, Comer enrolled the Bergers in the HBW program. The defendants' home was accepted for enrollment in the HBW program. The HBW warranty contains the following arbitration provision:

> Any and all claims, disputes and controversies arising under or relating to this Agreement, including without limitation, any claim of breach of contract, negligent or intentional misrepresentation or nondisclosure in the inducement, execution or performance of any contract, and breach of any alleged duty of good faith and fair dealing, shall be submitted to arbitration by and pursuant to the rules of Construction Arbitration Services, Inc. (hereinafter "CAS") in effect at the time of the request for arbitration. If CAS shall for any reason be unable or unwilling to conduct, or is disabled from conducting such arbitration, the arbitration shall be conducted by and pursuant to the rules of the American Arbitration Association applicable to home warranty arbitration proceedings in effect at the time of the request for arbitration. The decision of the arbitrator shall be final and binding and may be entered as a judgment in any State or Federal court of competent jurisdiction.

> The parties expressly agree that this arbitration provision involves and concerns interstate commerce and is governed by the provisions of the Federal Arbitration Act (9 U.S.C. § 1, et seq.) now in effect and as the same may from time to time be amended, to the exclusion of any different or inconsistent state or local law, ordinance or judicial rule; and to the extent that any state or local law, ordinance or judicial rule shall be inconsistent with any provision of the rules of the arbitration association under which the arbitral proceeding shall be conducted, the latter rules shall govern the conduct of the proceeding.

Upon review of the above arbitration provision, the Court finds it has jurisdiction to enforce the arbitration agreement between NHIC and the Bergers who are citizens of

different states. See Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 26-27, 103 S. Ct. 927 (1983). The Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA"), provides the following:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement...

9 U.S.C. § 4. In enacting the FAA, Congress set forth a policy which strongly favors enforcing arbitration agreements. "By its terms, the FAA 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which the Arbitration Agreement has been signed.'" Pro Tech Industries, Inc. v. URS Corp., 377 F.3d 868, 871 (8th Cir. 2004)(internal citations omitted). Further, defendants have agreed to arbitrate this matter and indicated no opposition to petitioner's motion. Therefore, petitioner's motion to compel arbitration in this matter is **GRANTED**.

The issue remains, however, whether this Court may stay the state court action. Under 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Court believes that any decision in the state court proceedings has the possibility of interfering with this Court's continuing jurisdiction over its order to compel arbitration in this case. Therefore, a stay of the state court action is necessary to preserve this Court's jurisdiction and to protect its judgment compelling the parties to arbitration. See Terminix Intl' Co., L.P. v. Crisel, 2006 U.S. Dist. LEXIS 60234, *12-13, 2006 WL 2460578, *4 (W.D. Ark. Aug. 23,

2006)(staying the state court action in order to protect the court's judgment in compelling arbitration); Nat'l Home Ins. Co. v. Nye, 2006 U.S. Dist. LEXIS 56761, *9-10 (E.D. Mo. Aug. 14, 2006)(holding it was appropriate to stay the state court proceedings pending completion of the arbitration pursuant to the parties' arbitration agreement.).

Accordingly,

**IT HEREBY ORDERED** that Petitioner's Motion to Compel Arbitration and Stay State Court Action (Doc. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the court proceedings in the case Robert Berger, et al. v. Donald L. Comer and National Home Insurance Company, Case No. 17V040500158, pending in the Circuit Court of Johnson County, Missouri shall be **STAYED** pending completion of arbitration.

**IT IS FURTHER ORDERED** that the parties file a joint a status report with the Court by **Thursday, May, 22, 2008** or submit a status report once arbitration proceedings are concluded, whichever occurs earlier.

Date:  2/25/08                   **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri            Fernando J. Gaitan, Jr.
                                           Chief United States District Judge